QUESTIONS: 1. May a single member of a board bargain or negotiate in secret pertaining to a lease of land, etc.? 2. Is it permissible for airport authority members to circulate among themselves a draft of the minutes of the authority's previous meeting for concurrence and for individual members to make suggested corrections of the minutes to the authority's secretary for inclusion in the draft of the minutes which is to be considered by the authority at its next ensuing regular meeting? 3. Is it permissible for the airport authority, prior to a meeting, to circulate drafts of proposals of actions to be taken by the authority so that the authority members may have the opportunity to study such proposals prior to the time of the formal meeting?
SUMMARY: A single member of a board or commission to whom the authority to act on behalf of the board or commission in matters such as lease of land, etc., has been delegated is subject to the Sunshine Law and, therefore, cannot negotiate for such a lease in secret. It is permissible for the authority members to circulate a draft of the minutes of the previous meeting among the members for concurrence and for individual members to make suggested corrections of the minutes to the authority's secretary for inclusion in the draft of the minutes which is to be considered by the members at their next ensuing regular meeting. A vote on the concurrence and revisions of the members should be taken at an open meeting with the minutes and any changes or revisions thereto also discussed during the open meeting before and at the time the board adopts such minutes. It is permissible for the authority, prior to a meeting, to circulate drafts of proposals of actions to be taken by the authority so that the authority members may have the opportunity to study the proposals prior to the time of the formal meeting. AS TO QUESTION 1: The Sunshine Law, s. 286.011, F. S., requires all meetings of a public board or commission to be open to the public. However, when a single member transacts official business such as negotiating a lease, etc., for the board, a problem arises since the board does not conduct a "meeting" within the general meaning of that term which ordinarily requires the physical presence of two or more members. However, under certain circumstances, this office has expressed the view that the physical presence of two members of a board or commission is not always required in order for a violation of the Sunshine Law to be demonstrated. For example in a letter dated June 29, 1973, it was held that a memorandum reflecting council members' positions on a given issue and circulated among individual council members for concurrence or objection which, when the process was completed, would have the effect of becoming the official action of the entire body constituted a violation of the intent and meaning of the law despite the absence of any "meeting." Accord: Attorney General Opinion 071-32 dealing, in part, with telephone conversations. Additionally, in AGO 074-84 it was held that a single member of a board or commission who is authorized or directed or designated by such board to act for and on behalf of, or exercise authority in the name of, the entire board stands in the place of the entire board and is thereby subject to the provisions of s. 286.011. Likewise, I am of the view that a single member of a board or commission to whom the authority to act on behalf of the board or commission in matters such as lease of land, etc., has been delegated is subject to the restrictions of the Sunshine Law and cannot negotiate for such a lease in secret despite the apparent absence of a meeting. "The Sunshine Law does not provide for any government by delegation exception; a public body cannot escape the application of the Sunshine Law by undertaking to delegate the conduct of public business through an alter ego." I.D.S. Properties v. Town of Palm Beach, 270 So.2d 353
(4 D.C.A. Fla., 1973). See also Jones v. Tanzler, 238 So.2d 41
(Fla. 1970) (Adkins, J., concurring.) AS TO QUESTION 2: As to question 2, so long as the "draft of the minutes" and "suggested corrections" thereof reflect any changes or deletions made in the original draft of the minutes, all such corrections or changes or deletions are discussed in a properly noticed "open" meeting, and are duly approved by the board at a duly noticed and regularly held open or public meeting and such original draft is open for inspection to the public during the time it is circulating among the members (see AGO 074-215 as to "work-products" or "working-papers"), I am of the view such a policy would be permissible pursuant to s. 286.011, F.S. Also see ss. 119.01,119.011, and 119.07, F.S. In reference to the minutes of a meeting, the Sunshine Law requires such minutes to be promptly recorded and open to public inspection. Section 286.011(2), F.S. In order to ensure that the minutes accurately and completely reflect the events of the last meeting, the policy of circulating a draft of the minutes of the previous meeting for concurrence and possible revision at the next regularly held meeting of the board would appear to be proper. However, I am of the view that a vote on the concurrence and revisions of the members should be taken at an open meeting with the minutes and any changes or revisions thereto also discussed during the open meeting before and at the time the board adopts such minutes. AS TO QUESTION 3: In response to your final question, I am of the view that the answer is dependent upon what the "drafts of proposals of actions to be taken" include. If the drafts are similar to agendas and are used primarily to generally inform the authority and the public as to the topics which will be discussed at the upcoming public meeting, I see nothing wrong with circulating such drafts to the members. Additionally, it might also be noted that the "drafts of proposals of actions to be taken" by the authority and circulated to members of the authority are also public records pursuant to the reasoning set forth in the response to question 2, and must be open for inspection to any citizen at all reasonable times. Sections119.01, 119.011, and 119.07, F.S. Also see AGO 074-215.